UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HUDSON, JR.,

          Plaintiff,         Civil Action No. 13-cv-12050
                                     Honorable Nancy G. Edmunds
                                     Magistrate Judge David R. Grand

v.

GENESEE INTERMEDIATE SCHOOL
DISTRICT, THOMAS SVITKOVICH
LAWRENCE P. FORD, MICHAEL
MOORMAN, MARY BEHM, MELINDA
MCGRAW, GLOVIRA BOURDON,
AIMEE PHILLIPS,

          Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS [9]

**I.    RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint [9], referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [4]. Having determined that oral argument would not significantly aid the Court's decision-making process, it dispenses with argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court RECOMMENDS that Defendants' motion [9] be GRANTED.

**II.    REPORT**

    **A.    Background**

*Pro se* Plaintiff Curtis Hudson alleges that he is an African American who worked for Defendant Genesee Intermediate School District as an Interim Site Coordinator. His complaint

is somewhat unclear, but construed liberally, it appears to allege violations of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"). More specifically, Hudson claims that the school district and its agents (i.e., the other Defendants) harassed him, refused to promote him, and later terminated him unlawfully on account of his race and age. He alleges that on April 12, 2010, he filed a complaint against Defendants with the Michigan Department of Civil Rights ("MDCR"), and that on November 29, 2011, he attended a meeting with MDCR in Flint, Michigan, regarding his complaint. At that meeting, the MDCR allegedly informed Hudson that it "had prevented [one of the Defendants] from terminating [Hudson], because there were no grounds. He also expressed that no disciplinary action had taken place during [his tenure] as an employee at the [school district]." (Cplt. at 3).

Although this allegation makes it appear that the MDCR resolved Hudson's case in his favor, Defendants' Motion to Dismiss includes as an exhibit an MDCR Order of Dismissal dismissing Hudson's MDCR complaint for "insufficient evidence." (Def. Mot. Ex. 2). The MDCR apparently mailed that Order to Hudson on December 6, 2012. (*Id.*). In addition, Defendants attach a Right to Sue letter ("RTS"), issued to Hudson on January 31, 2013, by the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.* Ex. 3). Defendants' copies of these documents reflect their receipt by Defendants on December 10, 2012, and February 1, 2013, respectively. (*Id.*).[1] Hudson does not allege ever having received the EEOC RTS letter.

Hudson filed the instant complaint on May 8, 2013. [1]. Defendants now move to

---

[1] Although these documents were not attached as exhibits to Hudson's complaint, they are central to his claim and therefore may be considered by this Court without converting Defendants' motion to dismiss into a motion for summary judgment. *See Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment.).

2

dismiss that complaint, arguing that Hudson's claims are barred by the statute of limitations, as he failed to file his complaint within the 90 days allowed by statute. Hudson responds that he was informed by "the State and Local Coordinator Darley Moore" that he had "until May 2013[ ] to file a claim due to address discrepancy." (Plf. Resp. at 1). Hudson does not attach any evidence to his response brief supporting this allegation, however.

**B.     Legal Standard**

An action brought pursuant to Title VII or the ADEA must be filed within ninety days of the EEOC issuing a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…"); 29 U.S.C. § 626(e). Any action not commenced within ninety days of receiving a right-to-sue notice is time barred. *See Baldwin Cty. Welcome Ctr. V. Brown*, 466 U.S. 147, 149-50(1984) (per curium) (reinstating district court's dismissal of action where *pro se* plaintiff failed to commence civil action within ninety days of receiving right-to-sue letter). If the factual allegations of the complaint, when viewed in the light most favorable to Hudson, demonstrate that he commenced the instant action beyond the limitations period, dismissal is proper in the absence of waiver, estoppel or compelling justification or excuse that would toll the limitations period. *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 n.8 (6th Cir. 2000) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95 (1982) and *Mounts v. Grand Trunk W. R.R.*, 1989 F.3d 578, 589 (6th Cir. 2000)).

**C.     Analysis**

*1.     Statute of Limitations*

Federal courts strictly enforce the ninety-day statutory limit. *Graham-Humphreys*, 209 F.3d at 557. This is because "experience teaches that strict adherence to the procedural

requirements is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980). Dismissal of a complaint filed after 90 days of receiving the EEOC's right to sue notice is appropriate even where a plaintiff proceeds *pro se* because such a plaintiff still has "a responsibility to meet the requirements of the law." *Stewart v. Columbus Southern Power*, 2010 U.S. Dist. LEXIS 65219, 2010 WL 2667375, *4 (S.D. Ohio 2010), quoting *Lomax v. Sears, Roebuck & Co.*, 2000 U.S. App. LEXIS 33884, 2000 WL 1888715, at *6 (6th Cir. 2000); see also *Okparaocha v. Lazarus, Inc.*, 1997 U.S. App. LEXIS 30138, 1997 WL 668954, at *2 (6th Cir. 1997) (holding that "[e]ven though [the plaintiff] sued pro se, he must satisfy applicable rules and deadlines."). As many courts have held, "Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim." *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941 (W.D. Tenn. 2001), citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 150; *see also Burton v. DTE Coke Operations*, LLC, 2011 U.S. Dist. LEXIS 77555, 4-5 (E. D. Mich. 2011) (dismissing *pro se* plaintiff's Title VII claim filed 91 days after receipt of right to sue letter); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D. Ill. 1996) (same); *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984).

Here, the EEOC notice attached to Defendants' Motion shows that it was mailed to all parties on January 31, 2013. (Def. Mot. Ex. 3). In the Sixth Circuit, "notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue notice] to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five day [period],[2] unless the plaintiff rebuts that

---

[2] "The Sixth Circuit allots two days for postal delivery of a [right-to-sue notice] beyond the three day period allowed by Federal Rule of Civil Procedure 6(e)." *Graham-Humphreys*, 209 F.3d at 557, fn. 9.

presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys*, 209 F.3d at 557 (citations omitted) (emphasis in original).  Hence, barring some evidence to the contrary, the EEOC is presumed to have given Hudson notice of its January 31, 2013 right-to-sue letter on February 5, 2013, and thus his ninety-day limitations period began to run on that date, and expired on May 6, 2013.[3]  *Id.*  As Hudson did not file his complaint until May 8, 2013, barring application of equitable tolling or some other tolling principle, his complaint was not timely filed and should be dismissed.  *Id.*

### 2. *Equitable Tolling*

Hudson's one-paragraph response to Defendants' motion to dismiss simply states that the motion "has no validity" because Hudson "is in full compliance with the statutory requirements.  Per the State and Local Coordinator, Darley Moore, the Plaintiff had until May 2013; to file a claim due to address discrepancy."  (Plf. Resp. at 1).  This unsupported assertion is legally insufficient to overcome Defendants' motion.

The Sixth Circuit has permitted tolling of the 90-day limitations period in certain limited circumstances, including where a plaintiff provides evidence to rebut the presumption that he received his notice of right to sue within five days of its mailing.  *Graham-Humphreys*, 209 F.3d at 557.  Thus, to rebut this presumption, Hudson must do more than simply assert that he did not timely receive his right-to-sue letter; he must support that claim with actual evidence, such as affidavits, date-stamped documents or the like.  *See Getachew v. Columbus City Sch.*, No. 11-861, 2012 U.S. Dist. LEXIS 30663, *7 (N.D. Ohio Mar. 8, 2012) (in order to qualify for equitable tolling plaintiff must offer some evidence of untimely service and *pro se* status alone is

---

[3] Ninety days from February 5, 2013 is actually May 5, 2013.  However, as May 5, 2013 fell on a Sunday, Hudson had until Monday, May 6, 2013, to file his claim.  Fed. R. Civ. P. 6(a)(1)(C).

insufficient grounds); *Burton*, 2011 U.S. Dist. LEXIS 77555 at *4 (plaintiff's statement simply that his "claim was not filed untimely" insufficient to warrant equitable tolling without some supporting evidence); *Bilyeu v. Metro. Gov't of Nashville & Davidson Cty.*, 2012 U.S. Dist. LEXIS 41016, *14 (M.D. Tenn., March 23, 2012) (equitable tolling not warranted where plaintiff failed to offer proof of late receipt of right to sue letter); *Lacheta v. Madison Cnty. Hosp.*, No. 08-1075, 2009 U.S. Dist. LEXIS 105293 (S.D. Ohio Oct. 28, 2009) (five-day presumption applied because plaintiff failed to offer proof in support of her assertion that she did not receive the right-to-sue letter); *Ellington v. Consolidated Biscuit Co.*, No. 07-289, 2008 U.S. Dist. LEXIS 64121 (E.D. Ky. Aug. 21, 2008) (plaintiff's contradictory and unsubstantiated evidence of when he received the right-to-sue letter failed to rebut the five-day presumption rule); *Carter v. Jack Daniel's Distillery*, No. 02-001, 2002 U.S. Dist. LEXIS 26887 (E.D. Tenn. Nov. 26, 2002) (plaintiff's unsubstantiated, self-serving affidavit failed to rebut the five-day presumption rule and raise genuine issue of material fact precluding the entry of summary judgment). Thus, Hudson's bald claim that he was granted an extension to file his complaint fails. Not only does Hudson not explain whether the alleged extension was granted orally or in writing by "State and Local Coordinator, Darley Moore," he also offers no evidence to support this allegation. Again, the law is clear that Hudson cannot simply rely on an unsupported assertion about an extension to overcome the consequences of an otherwise untimely-filed complaint.

Hudson's argument fails for other reasons, as well. For instance, if the alleged "address discrepancy"[4] referenced in Hudson's response brief is the result of his failure to submit a change of address to the EEOC, such that his notice was originally mailed to an old address,

---

[4] The Court notes that correspondence from both the MDCR and the EEOC listed Hudson's address as G3277 Miller Rd., Flint, Michigan 48507. (Compare Def. Mot. Exs. 2 and 3).

equitable tolling would not apply. The Sixth Circuit has specifically held that "when a complainant does not receive notice of right to sue promptly because he did not notify the EEOC of a change of address, he may not claim that the ninety-day time period is equitably tolled." *Banks v. Rockwell Int'l N.A. Aircraft Operations*, 855 F.2d 324, 326-27 (6th Cir. 1988). Alternatively, if the Court interprets Hudson as arguing that the EEOC made a mistake in his properly submitted address then his failure to attach any evidence to support this allegation is fatal to his claim. *Cf. Ryczek v. Guest Services, Inc.*, 877 F. Supp. 754 (D.D.C. 1995) (applying equitable tolling where plaintiff supplied affidavit from EEOC representative accepting fault for plaintiff's non-receipt of right to sue notice to due agency's issuance of letter to wrong address). Finally, Hudson's specific allegation belies any entitlement to relief. He claims that Moore informed him that he had "until May" to file his complaint. (Plf. Resp. at 1). Even accepting that allegation as true, to the extent the term "until" is used in its conventional sense, meaning "up to the point of," Hudson's complaint, filed on May 8, 2013, would be tardy. To the extent Hudson was led to believe that "until" was to include the entire month of May, his failure to offer any supporting evidence of such an extension is fatal. *Ryczek*, 877 F. Supp. At 758 (affidavit of EEOC representative documenting error in mailing of notice can be sufficient evidence for purpose of equitable tolling); *cf. Hopkins v. UPS*, 2000 U.S.App. LEXIS 15741, *13-14 (6th Cir. June 29, 2000) (plaintiff's reliance on EEOC representative's erroneous opinion about when limitations period would begin to run insufficient for equitable tolling).

In sum, Hudson failed to file his complaint within the allowable ninety-day statutory period. Because he has offered no evidence that would permit this Court to conclude that equitable tolling should apply to his case, Defendants' motion to dismiss should be granted and Hudson's complaint should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Complaint **[9]** be **GRANTED**, and Plaintiff's Complaint be dismissed.

Dated: October 22, 2013  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

        s/Felicia M. Moses
        FELICIA M. MOSES
        Case Manager

Dated: October 22, 2013